# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**STANLEY L. CUTHBERT,**

    Plaintiff,

vs.                                                                    CASE NO. 1:06CV02-MMP/AK

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) filed under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.   **PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on March 28, 2003, alleging a disability onset date of November 16, 2001, because of back injuries from a car accident.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on January 5, 2005, and entered a partially favorable decision on May 11, 2005, finding Plaintiff disabled from November 16, 2001, through June 17, 2003.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.   **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff has obesity and status post laminectomy which are severe impairments, but which do not meet the listing of impairments at present, but that Plaintiff's back disorder met Listing 1.04 from November 11, 2001, until June 17, 2003.  (R. 19).  After June 2003, there is nothing in the record to support a finding that the back impairment continued to cause any significant limitations.  (R. 19).  The ALJ noted that Plaintiff is not currently under the care of any physician for his back problems and takes only over-the-counter medication.  (R. 20).  As of June 17, 2003, the ALJ found Plaintiff capable of lifting up to 20 pounds and standing, walking and sitting six hours out of an eight hour day.  (R. 20).  Plaintiff had postural limitations in climbing, balancing, stooping, kneeling, crouching and crawling, as well as the need to avoid unprotected heights and moving machinery.  (R. 20).   The ALJ found Plaintiff capable of performing the full range of light work and under the Medical-Vocational Guidelines, he is deemed "not disabled" after June 17, 2003.  (R. 21).

**No. 1:06CV02-MMP/AK**

**C.    ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in finding that his mental impairment was not severe and in finding that his medical condition had improved after June 17, 2003.

The government responds that the ALJ may properly find a mental impairment as not severe when it imposes only mild limitations on daily activities and no significant deficits of concentration, persistence and pace. The ALJ also noted that Plaintiff had not sought any mental health treatment since April 2003, which supports a finding that the condition is not severe. Further, the ALJ based his finding that Plaintiff had improved as of June 17, 2003, based on a consultative examination conducted on this date which was normal and an MRI showing mild to moderate changes, which did not support the level of disabling pain reported by the Plaintiff. Finally, Plaintiff had sought no medical treatment for his back since July 2003.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397,

1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

     A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To

**No. 1:06CV02-MMP/AK**

qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

    1.    Is the individual currently engaged in substantial gainful activity?

    2.    Does the individual have any severe impairment?

    3.    Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

    4.    Does the individual have any impairments which prevent past relevant work?

    5.    Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within

**No. 1:06CV02-MMP/AK**

the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E.  SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff was involved in a slow moving car accident on November 16, 2001, during which Plaintiff was rear-ended and later presented to the emergency room complaining of neck and back pain. (R. 130). X-rays were taken of his cervical and lumbar area, as well as right shoulder, and it was determined that he had neck and back strain. (R. 131). He was discharged in a cervical collar with muscle relaxers and anti-inflammatory medication. (R. 131). He returned on November 19, 2001, for a follow up and reported continued pain. (R. 125-129). He was advised to seek follow up care with his primary physician. (R. 129).

Physical therapy notes indicate he had treatment from January 23, 2002, with some interruption in treatment for testing and surgery, through November 25, 2002. (R. 143-205).

Treatment notes from Dr. Eric Gabriel show that he first saw him on February 15, 2002, who diagnosed with MRI a disc herniation at L5-S-1 for which he recommended a laminotomy with decompression of nerve root, scheduled for March 18, 2002. (R. 216-220, 232-235, 241). After several follow up visits, Plaintiff complained on May 8, 2002, that the pain was not better, and had perhaps gotten worse, and a MRI was scheduled. (R. 213). The MRI showed a disc fragment encased in scar tissue and another surgery

**No. 1:06CV02-MMP/AK**

was scheduled for July 29, 2002. (R. 210-212, 222-231). On December 10, 2002, he continued to complain of pain, and a MRI was done showing no further herniation or nerve root compression. (R. 206, 242). He was referred to a psychiatrist to help with pain management. (R. 206).

A psychiatric evaluation was done on April 25, 2002, by Dr. Michael Amiel, who diagnosed him with a major depressive disorder, single episode, mild in intensity. (R. 249-256). He was referred to Dr. Paula Lovett for psychotherapy and prescribed an anti-depressant. (R. 256).

Treatment notes of Dr. Lovett's begin on June 10, 2002, with an initial report dated June 18, 2002. (R. 266-269). Her diagnosis was the same as Dr. Amiel. (R. 255). She saw Plaintiff several times for anger management, with many visits cancelled and conducted by telephone because of his transportation problems. (R. 257- 273). Additional notes from April 1, 2003 through April 28, 2003, show that he continued to be frustrated and angry about his physical and financial situation. (322-323). Dr. Lovett prepared a Mental RFC dated December 18, 2004, indicating a number of marked limitations in Plaintiff's abilities. (R. 324-326).

A psychiatric review form completed on May 28, 2003, shows that he has depression, mild and improving, which imposes only mild limitations on his functional abilities. (274-287). Another one conducted on September 19, 2003, was precisely the same. (R. 308-321).

**No. 1:06CV02-MMP/AK**

A physical RFC done on September 9, 2003, assessed him as capable of light work with no other postural limitations. (R. 292-299). Another one done at the same time apparently after reference to treating source records also assessed him as capable of light work, but restricted him to only occasional climbing, balancing, crawling, kneeling and crouching. (R. 302).

A consultative examination by Dr. Lance Chodosh on June 17, 2003, revealed no tenderness or spasm over the spine, motor function grossly normal, grip strength and manual dexterity normal, gait and balance normal, and "no significant objectively verifiable abnormalities or impairments." (R. 290). Dr. Chodosh found him normal in all physical respects, except that he was "significantly overweight," with "probable mild to moderate depression." (R. 290-291).

### F. SUMMARY OF THE ADMINISTRATIVE HEARING (held January 5, 2005)

Plaintiff was 38 at the time of the hearing, had completed high school, and worked previously as a cook, roofer, laborer, and a dishwasher. (R. 330). He drew workers compensation following his car accident in 2001. (R. 331). He experiences back and leg pain all the time at a level eight on a scale of ten. (R. 333). He claims that he can only sit or stand 15 to 20 minutes before the pain starts. (R. 334). He weighs 300 pounds, up 60 pounds since the accident. (R. 334). He can walk only one half a mile, cannot bend or squat. (R. 335). He lies down 8 to 10 times a day and can only carry about 10 pounds. (R. 337). His depression manifests itself in not wanting to be around people. (R. 338). He takes only over-the-counter pain medication, which

**No. 1:06CV02-MMP/AK**

provides no relief. (R. 339). His days are spent sitting around watching television and cooking for his friend. (R. 340). He has been prescribed medication and counseling for depression, but his insurance was dropped and he cannot afford the "classes" or the medication and did not feel "good" taking Zoloft. (R. 341).

## G.   DISCUSSION

Plaintiff argues that Dr. Lovett's mental RFC showing marked limitations in several areas should have been adopted by the ALJ since she is a treating physician.

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Nevertheless, the ALJ may discount the treating physician's opinion if good cause exists to do so. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Good cause may be found when the opinion is "not bolstered by the evidence," the evidence "supports a contrary finding," the opinion is "conclusory" or "so brief and conclusory that it lacks persuasive weight," the opinion is "inconsistent with [the treating physician's] own medical records," the statement "contains no [supporting] clinical data or information," the opinion "is unsubstantiated by any clinical or laboratory findings," or the opinion "is not accompanied by objective medical evidence." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991), (citing Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)). If an ALJ rejects a treating

**No. 1:06CV02-MMP/AK**

physician's opinion, he must give explicit, adequate reasons for so doing, and failure to do so results in the opinion being deemed accepted as true as a matter of law. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 841 (11th Cir. 1992).

Here, the ALJ explained that the RFC supporting marked limitations was prepared eight months after Dr. Lovett last saw Plaintiff. Further, the treatment notes of Dr. Lovett's show that many of her visits with Plaintiff were over the phone because he could not travel to her office and appear to be of the same or similar content with nothing reported to indicate a serious problem. He was initially being treated for anger issues, with his depression purportedly to be managed by medication from Dr. Amiel. It is not clear whether he ever took the prescribed anti-depressant for any length of time and reported at the hearing that he did not like the way Zoloft made him feel. (R. 339). Thus, the ALJ articulated an acceptable reason for not accepting Dr. Lovett's marked findings. The other notes of Dr. Lovett show a diagnosis of a single episode of depression with mild intensity. Thus, her treatment notes made initially and during active counseling do not support a severe limitation on his daily activities, as indicated in her much later mental RFC.

Further, the ALJ based his decision that Plaintiff was not disabled after June 17, 2003, on the report of the consultative examiner, Dr. Chodosh, who found Plaintiff physically "normal" in all respects. There is no later medical evidence to contradict this finding since the last treatment note from Shands dated July 18 2003, indicates that

**No. 1:06CV02-MMP/AK**

Plaintiff was to have follow up tests to determine what course to take with regard to his continued reports of back pain and there is nothing in the record that indicates Plaintiff has had any care for his back since this date.  As the ALJ notes, the latest MRI shows only mild to moderate changes which do not support a severe, unrelenting pain that prohibits virtually any daily activity as reported by Plaintiff.  Thus, the ALJ properly noted his reasons for finding Plaintiff's reports of pain and limitation less than credible.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this *11th* day of April, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:06CV02-MMP/AK**